```
                THE UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

                          * * * * *

UNITED STATES OF AMERICA      *    NO. 12-CR-272-SS
                              *
VS.                           *    Houston, Texas
                              *
CLAY JARRAD KIRKLAND    (15)  *
JAMIE GRANT LOVEALL     (17)  *    10:18 a.m. - 10:28 a.m.
RONALD LEE PRINCE       (25)  *    November 16, 2012

                          * * * * *
```

**INITIAL APPEARANCE**

BEFORE THE HONORABLE FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

* * * * *

**THIS TRANSCRIPT HAS BEEN FURNISHED AT PUBLIC EXPENSE UNDER THE CRIMINAL JUSTICE ACT AND MAY BE USED ONLY AS AUTHORIZED BY COURT ORDER.  UNAUTHORIZED REPRODUCTION WILL RESULT IN AN ASSESSMENT AGAINST COUNSEL FOR THE COST OF AN ORIGINAL AND ONE COPY AT THE OFFICIAL RATE.**
**General Order 94-15, United States**
**District Court, Southern District of Texas**

Proceedings recorded by electronic sound recording
Transcript produced by transcription service

*GLR TRANSCRIBERS*
9251 Lynne Circle
Orange, Texas 77630 * 866-993-1313

```
 1  APPEARANCES:

 2  For the United States:

 3       MR. DAVID N. KARPEL
         U.S. Department of Justice
 4       Criminal Division, Gang Unit
         950 Pennsylvania Avenue NW
 5       Washington, D.C. 20530

 6  For Defendant, Clay Jarrad Kirkland:

 7       MR. BRETT A. PODOLSKY
         Attorney at Law
 8       917 Franklin, Suite 510
         Houston, Texas 77002
 9
    For Defendant, Jamie Grant Loveall:
10
         MS. KIMBRA K. OGG
11       The Ogg Law Firm
         3215 Mercer, Suite 100
12       Houston, Texas 77027

13  For Defendant, Ronald Lee Prince:

14       MR. R. ERIC REED
         Reed Law Firm
15       402 Main, Suite 3 South
         Houston, Texas 77002
16
    Case Manager:
17
         BEVERLY WHITE
18
    Electronic Recorder:
19
         BRENT LASWELL
20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2              10:18 A.M. - NOVEMBER 16, 2012
 3           THE COURT:  The first case is 2012-272, U.S.
 4  vs. Clay Jarrad Kirkland, Jamie Loveall, and Ronald
 5  Prince.  Jamie Grant Loveall and Ronald Lee Prince and
 6  Clay Jarrad Kirkland.
 7             All right.  If you don't mind standing in
 8  the order that I called your name.  So that Mr. Kirkland
 9  is on my left, your right; and in the middle,
10  Mr. Loveall; and on the right -- my right, your left,
11  Mr. Prince.
12             And who's present for the United States?
13           MR. KARPEL:  Good morning, Your Honor.  David
14  Karpel for the United States.
15           THE COURT:  All right.  The purpose of this
16  proceeding is to advise you about the charges against
17  you, to advise you about your rights, to consider the
18  question of counsel, and to consider your conditions of
19  release.  You're not required to enter any plea to the
20  charges until after you have a chance to discuss the
21  case with your lawyer.
22             And also, you have the right to remain
23  silent and not make any statement about the facts of
24  this case.  You're not required to make any explanation
25  about this case or present evidence or testify or gather
```

```
 1  witnesses.  You're not required to talk to law
 2  enforcement officials.
 3              You may speak to your lawyer privately
 4  about the case and your lawyer cannot be required to
 5  reveal anything that you discuss with your lawyer, but
 6  other people that you talk to about the case can be made
 7  witnesses against you.  And that includes your
 8  co-defendants, even each other.  So, really, it's in
 9  your best interest to only communicate with your lawyer
10  and allow your lawyer to present the facts in the light
11  most favorable to you.  All right?
12              That's your rights, and you're entitled to
13  a lawyer, whether you can hire one or not, and you're
14  entitled to an attorney on appeal also.
15              It looks like each of you has filled out a
16  financial affidavit.  You signed the form at the bottom
17  of the page.  Will you please raise your right hand and
18  swear to the facts in the affidavit.
19          CASE MANAGER:  Do each of acknowledge that the
20  information in the Financial Affidavit is true and
21  correct to the best of your knowledge and belief, so
22  help you God?
23          DEFENDANT KIRKLAND:  Yes.
24          DEFENDANT LOVEALL:  Yes.
25          DEFENDANT PRINCE:  Yes.
```

1        THE COURT:  Okay.  I find that each of you is
2   eligible for a court appointed counsel.
3        And for Mr. -- Mr. Podolsky, will you
4   represent Mr. Kirkland?
5        MR. PODOLSKY:  Yes, Your Honor.
6        THE COURT:  Ms. Ogg, will you represent
7   Mr. Loveall?
8        MS. OGG:  Yes, Your Honor.
9        THE COURT:  And Mr. Reed, will you please
10  represent Mr. Prince?
11       MR. REED:  Yes, Your Honor.
12       THE COURT:  Thank you.
13       All right, so you've got attorneys to
14  represent you and these lawyers will be loyal only to
15  you in your case, all right?
16       Does the Government move to detain each of
17  the defendants?
18       MR. KARPEL:  We do, Your Honor.
19       THE COURT:  There's a motion for detention and
20  I would like to have a separate bail hearing for these
21  three defendants.  I can -- is it okay if I set it with
22  when I have set for Tuesday at 10:00?  Who's in that
23  case?  Mr. Sharron and Mr. -- who was the other one?
24       UNIDENTIFIED MALE VOICE:  Millican.
25       THE COURT:  Millican.  Would they be like

```
 1  compatible or not?
 2          MR. KARPEL:  Who is the second?  Mr. Sharron,
 3  and who's the other one?
 4          THE COURT:  Millican.
 5          MR. KARPEL:  We should be fine.
 6          THE COURT:  All right.  So this hearing will be
 7  set -- the bail hearing and the arraignment will be set
 8  for, I'm going to say Tuesday at 10:00.  Can you be
 9  ready for that?
10          MR. REED:  Your Honor, any chance --
11          THE COURT:  Or sooner?
12          MR. REED:  I think I can do it -- any chance I
13  can do it Monday?
14          THE COURT:  Yeah, we could do it Monday.  Is
15  that available for all of you, Monday?
16          MS. OGG:  May I check?
17          MR. PODOLSKY:  May I check also?
18          THE COURT:  Yes.  I would like to do it at 9:00
19  rather than 10:00 on Monday.
20          MR. PODOLSKY:  I can be there Monday at 9:00.
21          THE COURT:  Is your witness available for the
22  United States?
23          MR. KARPEL:  He'll be there.
24          THE COURT:  Ms. Ogg?
25          MS. OGG:  I'm sorry, Judge.
```

```
 1              THE COURT:  It's all right.
 2              MS. OGG:  I'm preparing for a trial next week.
 3              THE COURT:  We want to make sure you're
 4   available.
 5              MS. OGG:  Yes, ma'am.
 6              THE COURT:  You're preparing for a trial.  Are
 7   you in trial on Monday?
 8              MS. OGG:  I'm in trial the following Monday --
 9              THE COURT:  Okay.
10              MS. OGG:  -- before Judge Atlas.
11              THE COURT:  Best be prepared.
12              MS. OGG:  And I am before her on -- I am before
13   her on Wednesday morning.  We're doing a -- you said
14   Tuesday morning?
15              THE COURT:  Monday morning at 9:00.
16              MS. OGG:  Yes, ma'am, I'm available.
17              THE COURT:  All right.  I'll set all three of
18   you for your opportunity to enter a not guilty plea to
19   the charges on Monday at 9:00.  And also, then you'll
20   have a seat at the counsel table and talk to your lawyer
21   about, you know, your bail hearing and we'll conduct a
22   bail hearing at 9:00 on Monday.  So that's -- you'll be
23   temporarily detained until that time.  Monday is the --
24              CASE MANAGER:  The 19th.
25              THE COURT:  -- 19th.
```

1           Now I'm going to review the accusations
2  against you.  Each of you will receive a copy of the
3  Indictment, and your lawyers also get a copy of the
4  Indictment.
5           And Mr. Kirkland?
6           MR. KARPEL:  He's charged in Count One, Judge.
7           THE COURT:  Is charged in Count One.
8           Thank you for helping me.
9           Mr. Loveall?
10          MR. KARPEL:  He's charged in Counts One, Two,
11 Three, Four, Five, and Six.
12          THE COURT:  How about Mr. Prince?
13          MR. KARPEL:  Mr. Prince is charged in Counts
14 One and Fifteen.
15          THE COURT:  Can you summarize the accusations?
16          MR. KARPEL:  Certainly.  With respect to
17 Mr. Kirkland, he is charged in Count One, which is
18 Conspiracy to Participate in a Racketeering Enterprise --
19          THE COURT:  Hold on.  We all want to take turns
20 talking, so I think it's important that you are paying
21 attention to the Government's summary of the
22 accusations.
23          Start over, please.
24          MR. KARPEL:  Certainly.  Mr. Kirkland is
25 charged in Count One, which is Conspiracy to Participate

```
 1  in a Racketeering Enterprise.  The maximum penalty is up
 2  to life imprisonment and/or a $250,000 fine --
 3            THE COURT:  Mr. Loveall and Mr. Prince are also
 4  accused in that count?
 5            MR. KARPEL:  They are.
 6            THE COURT:  All right.
 7            MR. KARPEL:  -- up to a $250,000 fine, followed
 8  by up to three years supervised release and a hundred
 9  dollar special assessment.
10            With respect to Mr. Loveall and
11  Mr. Prince, as you know, they are both charged in Count
12  One.
13            Mr. Loveall is also charged in Count Two.
14  Count Two is Conspiracy to Possess with Intent to
15  Distribute Methamphetamine and Cocaine.  The penalty max
16  is not less than 10 years imprisonment, not more than
17  life imprisonment, and/or a fine of up to $110,000,
18  followed up to five years supervised release and a
19  hundred dollar special assessment.
20            Count Four -- I'm sorry, Count Three is
21  the Murder, the ... Murder of Aaron Wade Otto.  The
22  maximum penalty is death or life imprisonment and up to
23  a $250,000 fine, followed by up to five years supervised
24  release and a hundred dollar special assessment.
25            Count Four is the Brandishing of a Weapon,
```

```
 1  924(j) count.  Maximum penalty is up to life.
 2                 Count Five is the ... Murder of Robert
 3  Allen Branch.  The maximum penalty is death or life
 4  imprisonment and up to $250,000 followed by five years
 5  supervised release and a hundred dollar special
 6  assessment.
 7                 And Count Six is the sentence enhancer,
 8  which is also the 924(j), which is Using or Carrying a
 9  Firearm to Commit a Crime of Violence.  It also carries
10  up to life imprisonment.
11             THE COURT:  Okay.
12             MR. KARPEL:  With respect to Mr. Prince, as
13  noted, he's also charged in Count One and he's also
14  charged in Count Fifteen, which is the Kidnapping of
15  Joseph Wright.  The maximum penalty is not more than
16  life imprisonment and/or up to $250,000 fine, followed
17  by up to five years supervised release and a hundred
18  dollar special assessment.
19             THE COURT:  Okay.  And you'll have a chance to
20  talk to your lawyers about these accusations in more
21  detail.  So you're going to be temporarily detained
22  while you await your bail hearing.
23                 And will they all be at Joe Corley?
24             DEPUTY MARSHAL:  The two in the orange will,
25  ma'am.  I'm not sure where they're all going to be at.
```

```
 1            THE COURT:  Where Mr. Loveall is going to be,
 2   you don't know?
 3            DEPUTY MARSHAL:  I'm not sure, Your Honor.
 4            THE COURT:  Okay.
 5            MS. OGG:  Would it be in the downtown detention
 6   center, by any chance?
 7            THE COURT:  We want his lawyer to know where
 8   she can reach him.
 9            DEPUTY MARSHAL:  Yeah, if you can give me a
10   business card, I'll let you know later on today.
11            THE COURT:  All right.
12            MS. OGG:  Sure.
13              It's unclear.
14            THE COURT:  What?
15            MS. OGG:  It's unclear.
16            THE COURT:  Okay.  We'll let you know today,
17   and the Marshals will tell your lawyer where she can
18   meet with you.  All right.  So even though you'll be in
19   custody while you await your hearing, you will still
20   have to counsel privately with your lawyers to prepare
21   for the hearing.  All right?
22              This hearing is adjourned for now.
23        [10:28 a.m. – Proceedings adjourned]
24
25
```

C E R T I F I C A T I O N

   I certify that the foregoing is a correct transcript of the electronic sound recording of the proceedings in the above-entitled matter.

/s/ Gwen Reed

3-4-13