THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

* * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | NO. 12-CR-272-SS |
| | * | |
| VS. | * | Houston, Texas |
| | * | |
| CLAY JARRAD KIRKLAND  (15) | * | |
| JAMIE GRANT LOVEALL   (17) | * | 9:15 a.m. - 9:20 a.m. |
| RONALD LEE PRINCE     (25) | * | November 19, 2012 |

* * * * *

**ARRAIGNMENT/DETENTION HEARING - PARTIAL**
**(Defendant Loveall Not Present and Reset)**

BEFORE THE HONORABLE FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

* * * * *

**THIS TRANSCRIPT HAS BEEN FURNISHED AT PUBLIC EXPENSE UNDER THE CRIMINAL JUSTICE ACT AND MAY BE USED ONLY AS AUTHORIZED BY COURT ORDER.  UNAUTHORIZED REPRODUCTION WILL RESULT IN AN ASSESSMENT AGAINST COUNSEL FOR THE COST OF AN ORIGINAL AND ONE COPY AT THE OFFICIAL RATE.**
General Order 94-15, United States
District Court, Southern District of Texas

Proceedings recorded by electronic sound recording
Transcript produced by transcription service

*GLR TRANSCRIBERS*
9251 Lynne Circle
Orange, Texas 77630 * 866-993-1313

```
 1  APPEARANCES:

 2  For the United States:

 3      MR. JAY HILEMAN
        U.S. Attorney's Office
 4      1000 Louisiana, Suite 2300
        Houston, Texas 77002
 5
    For Defendant, Clay Jarrad Kirkland:
 6
        MR. BRETT A. PODOLSKY
 7      Attorney at Law
        917 Franklin, Suite 510
 8      Houston, Texas 77002

 9  For Defendant, Jamie Grant Loveall:

10      MS. KIMBRA K. OGG
        The Ogg Law Firm
11      3215 Mercer, Suite 100
        Houston, Texas 77027
12
    For Defendant, Ronald Lee Prince:
13
        MR. R. ERIC REED
14      Reed Law Firm
        402 Main, Suite 3 South
15      Houston, Texas 77002

16  Case Manager:

17      BEVERLY WHITE

18  Electronic Recorder:

19      BRENT LASWELL

20

21

22

23

24

25
```

```
 1              P R O C E E D I N G S
 2            9:15 A.M. - NOVEMBER 19, 2012
 3          THE COURT:  We're calling a case not everybody
 4  is here for yet, but it's U.S. vs. Clay Jarrad Kirkland,
 5  Jamie Grant Loveall, and Ronald Lee Prince, No.
 6  2012-272.
 7          MR. HILEMAN:  Good morning, Your Honor.  Jay
 8  Hileman for the United States.
 9          MS. OGG:  Kim Ogg for Loveall.
10          MR. REED:  Good morning, Judge.  Eric Reed for
11  Ronald Lee Prince.
12          MR. PODOLSKY:  Brett Podolsky for Mr. Kirkland.
13          THE COURT:  Okay.  And which defendants are
14  present?
15          MR. REED:  Mr. Prince is present, Your Honor.
16          MR. PODOLSKY:  And Mr. Kirkland.
17          MS. OGG:  My client is not here yet.
18          THE COURT:  All right.  And where is he?
19          DEPUTY MARSHAL:  He's en route, Your Honor.
20          THE COURT:  All right.  How long will it take
21  for him to get here?  He's actually on a transportation
22  device, or is he still in Montgomery County?
23          DEPUTY MARSHAL:  From what we were told --
24          THE COURT:  What?
25          DEPUTY MARSHAL:  From what we were told, he's
```

1  en route as we speak from Montgomery County.  So about
2  an hour probably.
3              THE COURT:  Okay.  Well --
4              MR. HILEMAN:  And I don't mind postponing him
5  until 1:00 with the others.
6              THE COURT:  Where is your witness?
7              MR. HILEMAN:  Your Honor, they're on their way.
8  They were under the mistaken impression that the hearing
9  was at 10:00.  We would have two different witnesses.
10 And they were Friday and I was not here Friday, so I
11 thought it was at 10:00 also until I contacted Ms. White
12 this morning.  I apologize for having the times
13 incorrect.
14             THE COURT:  All right.  So I'd really like to
15 do the hearing this morning as soon as everybody gets
16 together.  In case Ms. Ogg's client doesn't arrive, we
17 could put Mr. Loveall with the other case that's at 1:00
18 possibly.
19             MR. HILEMAN:  I would like to point out that
20 these three witnesses -- or these three defendants for
21 this morning were all writted from -- from prisons, two
22 from state prison and one from federal prison.  They
23 still have sentences left to serve.  So, obviously,
24 there's still the potentiality of a hearing, but they
25 don't really have liberty interest as of today -- and

1  for quite some time, actually.
2             THE COURT:  Okay, so are you going to proceed
3  with a bail hearing?
4             MR. REED:  Your Honor, it's my understanding
5  from prior conversations with my client that we're going
6  to waive.  I just need to go over the form to confirm.
7  It's my understanding that my client does not have a
8  release date from TDC until 2014 -- June, July 2014.  At
9  this time we're probably going to waive.  Let me just
10 confirm and get it in writing, and then we'll --
11            THE COURT:  All right, well, we can do your
12 arraignment, then.
13            MR. REED:   -- be on our way.
14            THE COURT:  And waiver.
15             How about you, Mr. Podolsky?  What about
16 your client?
17            MR. PODOLSKY:  Well, my client will be
18 incarcerated until about 2030'ish.  I guess it really
19 all depends on how much the Court will let us get into
20 some of the factual allegations, I mean, given the fact
21 that he's already indicted, given the fact that he's
22 certainly not eligible for release --
23            THE COURT:  The strength of the evidence is one
24 of the considerations for a bail hearing, so yeah, you
25 can get into something about the facts.

```
 1              MR. PODOLSKY:  I would like to --
 2              THE COURT:  If you want to have your hearing,
 3   you can have your hearing.
 4              MR. PODOLSKY:  Thank you, Your Honor.
 5              THE COURT:  As soon as the witness shows up.
 6              And your client, have you talked to your
 7   client about --
 8              MS. OGG:  I have.  We will not --
 9              THE COURT:  -- waiver or not waiver?
10              MS. OGG:  Yes, Your Honor, I have.
11              THE COURT:  And what's that inclination?
12              MS. OGG:  No waiver.
13              THE COURT:  Okay.  So we'll have your hearing,
14   at least.  So Mr. Reed's client, Mr. Prince, if you can
15   approach the bench right now.  Or if you want to have a
16   conference with him, then we'll approach the bench.
17              MR. REED:  Let me have two minutes with him,
18   Your Honor.
19              THE COURT:  Yeah, more than two minutes is
20   okay.  Looks like we have a lot of time.
21              MS. OGG:  Your Honor, do you -- is it possible
22   for me to return at 1:00?
23              THE COURT:  What do you prefer?
24              MS. OGG:  1:00.
25              THE COURT:  Is it okay for her client, Loveall,
```

```
 1  has a hearing conducted with Bryan and Folmsbee?
 2          MR. HILEMAN:  I think so, Your Honor.
 3          THE COURT:  Because some of them -- some of the
 4  defendants have got to be kept separate from each other.
 5          MR. HILEMAN:  They might.  And I don't think
 6  there's any specific separation request involving those
 7  three defendants.
 8          THE COURT:  Okay.  Then I'm going to reset your
 9  client, Ms. Ogg, for -- that's Mr. Jamie Grant Loveall
10  for his arraignment and his bail hearing on today at
11  1:00 in the afternoon.  I'm sure that he'll be here by
12  then.
13          MS. OGG:  Thank you, Your Honor.
14          THE COURT:  Thank you.
15          MS. OGG:  May I be excused?
16          THE COURT:  Yes.  Thank you for appearing.
17          *[9:20 a.m. – Defendant Loveall reset]*
18                 C E R T I F I C A T I O N
19
20     I certify that the foregoing is a correct
21  transcript of the electronic sound recording of the
22  proceedings in the above-entitled matter.
23
24  /s/ Gwen Reed
25  3-3-13
```