```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION

UNITED STATES OF AMERICA     .  CR. NO. H-12-272
                             .  HOUSTON, TEXAS
VS.                          .
                             .  NOVEMBER 20, 2013
TERRY GLENN SILLERS, ET AL   .  2:00 P.M. to 2:18 P.M.


              TRANSCRIPT of SCHEDULING CONFERENCE
                BEFORE THE HONORABLE SIM LAKE
                 UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

FOR THE GOVERNMENT:             MR. DAVID N. KARPEL
                                Department of Justice
                                Criminal Division, Gang Unit
                                950 Pennsylvania Ave NW
                                Washington, DC  20530

                                MR. TIMOTHY S. BRALEY
                                MR. EDWARD F. GALLAGHER
                                Office of the U.S. Attorney
                                1000 Louisiana
                                Suite 2300
                                Houston, Texas  77002


THIS TRANSCRIPT HAS BEEN FURNISHED AT PUBLIC EXPENSE UNDER THE CRIMINAL JUSTICE ACT AND MAY BE USED ONLY AS AUTHORIZED BY COURT ORDER.  UNAUTHORIZED REPRODUCTION WILL RESULT IN AN ASSESSMENT AGAINST COUNSEL FOR THE COST OF AN ORIGINAL AND ONE COPY AT THE OFFICIAL RATE.  General Order 94-15, United States District Court, Southern District of Texas.


Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

```
 1                       APPEARANCES CONTINUED

 2   FOR DEFENDANT TERRY ROSS BLAKE:    MR. GUS A. SAPER
                                        Mallett Saper Berg, LLP
 3                                      4306 Yoakum Blvd.
                                        Suite 400
 4                                      Houston, Texas  77002-2911

 5
     FOR DEFENDANT LARRY MAX BRYAN:     MR. JAMES STAFFORD
 6                                      Attorney at Law
                                        515 Caroline Street
 7                                      Houston, Texas  77002

 8
     FOR DEFENDANT JAMES LAWRENCE
 9   BURNS:                             MR. LEE HARPER WILSON
                                        Attorney at Law
10                                      P.O. Box 52447
                                        Houston, Texas  77052-2447
11

12   FOR DEFENDANT RUSTY EUGENE DUKE:   MR. ROBERT A. JONES
                                        Attorney at Law
13                                      2211 Norfolk
                                        Suite 600
14                                      Houston, Texas  77098

15
     FOR DEFENDANT KELLY RAY ELLEY:     MR. WENDELL A. ODOM, JR.
16                                      Attorney at Law
                                        440 Louisiana Street
17                                      Suite 200
                                        Houston, Texas  77002
18

19   FOR DEFENDANT KENNETH MICHAEL
     HANCOCK:                           MS. NICOLE DEBORDE
20                                      Attorney at Law
                                        712 Main Street
21                                      24th Floor
                                        Houston, Texas  77002
22

23

24

25
```

```
 1                       APPEARANCES CONTINUED

 2   FOR DEFENDANT CLAY JARRAD
     KIRKLAND:                        MR. BRETT A. PODOLSKY
 3                                    Attorney at Law
                                      917 Franklin Street
 4                                    Suite 510
                                      Houston, Texas  77002
 5

 6   FOR DEFENDANT MICHAEL RICHARD
     LAMPHERE:                        MR. MICHAEL M. ESSMYER, SR.
 7                                    Essmyer & Danile, P.C.
                                      5111 Center Street
 8                                    Houston, Texas  77007

 9                                    MR. R. TRENT GAITHER
                                      Law Office of Trent Gaither
10                                    5111 Center Street
                                      Houston, Texas  77007
11

12   FOR DEFENDANT JAMIE GRANT
     LOVEALL:                         MR. JOHN M. PARRAS
13                                    Attorney at Law
                                      1018 Preston
14                                    Floor 2
                                      Houston, Texas  77002
15
                                      MR. KURT B. WENTZ
16                                    Attorney at Law
                                      5629 Cypress Creek Pkwy
17                                    Suite 115
                                      Houston, Texas  77069
18

19   FOR DEFENDANT STEPHEN TOBIN
     MULLEN:                          MR. LOUIS A. LATIMER
20                                    Daniel, Williams and
                                        Associates, PLLC
21                                    405 Main Street
                                      Suite 455
22                                    Houston, Texas  77002

23

24

25
```

```
 1                      APPEARANCES CONTINUED

 2   FOR DEFENDANT DAVID ORLANDO
     ROBERTS:                         MR. ROBERT J. FICKMAN
 3                                    Attorney at Law
                                      1229 Heights Blvd.
 4                                    Houston, Texas  77008

 5
     FOR DEFENDANT BILLY DON SEAY:    MS. SUE JANA
 6                                    Attorney at Law
                                      6750 W Loop S
 7                                    Suite 120
                                      Bellaire, Texas  77401
 8

 9   FOR DEFENDANT JAMES ERIK SHARRON: MR. KENNETH W. MCGUIRE
                                      McGuire Law Firm
10                                    P.O. Box 79535
                                      Houston, Texas  77279
11

12   FOR DEFENDANT SAMMY KEITH
     SHIPMAN:                         MR. DONALD L. LAMBRIGHT
13                                    Attorney at Law
                                      440 Louisiana
14                                    Suite 200
                                      Houston, Texas  77002
15

16   FOR DEFENDANT BRIAN LEE THOMAS:  MR. GERALD E. BOURQUE
                                      Attorney at Law
17                                    24 Waterway Avenue
                                      Suite 660
18                                    The Woodlands, Texas  77380

19
     FOR DEFENDANT FREDRICK MICHAL
20   VILLARREAL:                      MR. THOMAS A. MARTIN
                                      Attorney at Law
21                                    1018 Preston
                                      Suite 500
22                                    Houston, Texas  77002-1824

23

24

25
```

```
 1                        APPEARANCES CONTINUED

 2  FOR DEFENDANT TAMMY MELISSA WALL: MR. LANCE C. HAMM
                                      Attorney at Law
 3                                    1200 Rothwell Street
                                      Houston, Texas   77002
 4

 5  FOR DEFENDANT JAMES FRANCIS
    SAMPSELL:                         MR. LARRY EASTEPP
 6                                    Larry D. Eastepp, PC
                                      5300 Memorial
 7                                    Suite 1000
                                      Houston, Texas   77007
 8

 9  OFFICIAL COURT REPORTER:          MS. KATHY L. METZGER
                                      U.S. Courthouse
10                                    515 Rusk
                                      Room 8004
11                                    Houston, Texas   77002
                                      713-250-5208
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                        P R O C E E D I N G S
 2            THE COURT:  Good afternoon.  Please be seated.
 3                 We're here this afternoon in Criminal Action
 4   H-12-272, United States versus Terry Glenn Sillers, et al.
 5   Beginning with counsel for the government, will counsel please
 6   identify themselves and their clients for the record.
 7            MR. KARPEL:  Good afternoon, Your Honor.  David
 8   Karpel, Tim Braley, and Ed Gallagher for the United States.
 9            THE COURT:  Let's start way over here and just move to
10   the left.
11            MR. LATIMER:  Your Honor, Louis Latimer for Stephen
12   Mullen.
13            MR. HAMM:  Judge, Lance Hamm for Tammy Wall.
14            MR. PODOLSKY:  Brett Podolsky for Clay Kirkland.
15            MR. SAPER:  Gus Saper for Terry Ross Blake.
16            MR. GAITHER:  Trent Gaither for Richard Lamphere.
17            MR. MARTIN:  Tom Martin for Fredrick Michal
18   Villarreal.
19            MR. JONES:  Good afternoon, Your Honor.  Robert Jones
20   for Rusty Duke.
21            MR. WENTZ:  Kurt Wentz and John Parras for Jamie
22   Loveall.
23            MS. DEBORDE:  Nicole DeBorde for Ken Hancock.
24            MR. WILSON:  Lee Wilson for James Burns.
25            MR. EASTEPP:  Larry Eastepp for James Sampsell.
```

1           *MR. BOURQUE:*  Gerald Bourque for Brian Thomas.
2           *MS. JANA:*  Sue Jana for Billy Seay.
3           *MR. ESSMYER:*  Mike Essmyer for Mr. Lamphere.
4           *MR. LAMBRIGHT:*  Don Lambright for Sammy Shipman.
5           *MR. STAFFORD:*  Your Honor, James Stafford for Larry
6  Bryan.  I'm also standing in for Eric Reed for Ronald Prince.
7           *MR. MCGUIRE:*  And Ken McGuire for James Sharron, Your
8  Honor.
9           *MR. FICKMAN:*  Robert Fickman for David Roberts, Your
10 Honor.
11          *MR. ODOM:*  And Wendell Odom for Kelly Elley.
12          *THE COURT:*  All right.  Thank you.
13              There's a couple of things I want to discuss.
14 First, no defendants remain eligible for the death penalty in
15 this case.  Sixteen defendants have pled guilty or are
16 scheduled to plead guilty this week.  The first thing we need
17 is a scheduling order for the remaining defendants.  I assumed
18 that counsel would have discussed this matter with the
19 government before today and was hopeful that the attorneys
20 would propose a scheduling order today.  So I'll hear from the
21 government.
22          *MR. KARPEL:*  Your Honor, I can tell you that we
23 haven't had discussions with individual counsel about a
24 scheduling order per se, but we have had discussions with
25 defense counsel about the next production run of discovery,

1  which is being developed this week and is going to go out next
2  week or no later than the week after.  It comprises essentially
3  3500 material -- Jencks material and about a thousand pieces of
4  evidence that we're pushing out now, and that's the third
5  production run in this case.
6              *THE COURT:*  Do you anticipate any further production


6              I can also tell you, Judge, that we are in
7  discussions with a number of the defense counsel in this room
8  with respect to plea negotiations and in most cases those plea
9  negotiations are in their advanced stage.
10             *THE COURT:*  Do you anticipate any further production
11 after the third production?
12             *MR. KARPEL:*  I do, but I think it's going to be
13 relatively -- it's going to be much smaller and will be
14 essentially confined to a number of codefendants who have
15 entered pleas.
16             *THE COURT:*  All right.  Let's see.  How about a trial
17 date of March 31st?
18             *MR. KARPEL:*  Your Honor, if the Court's amenable, our
19 proposal would be a June trial date, given the amount of
20 discovery that we're -- that's going out, the number of pleas
21 we expect to conclude, and I think that will give us time to
22 further sharpen exactly how many, if any, defendants remain for
23 a trial.
24             *THE COURT:*  Whenever I set a case for trial in June, I
25 get a number of motions saying, I've already scheduled a

```
 1  vacation.  Our family is looking forward to it.  I have prepaid
 2  tickets to Antigua or some other esoteric climb.  Please don't
 3  make me go to trial this summer, Judge.
 4              And I'm told that even if I set the trial now.
 5  So we're going to set it for May.  Is there any reason you
 6  couldn't be available late April, early May?
 7          MR. KARPEL:  I think May will work for the government,
 8  Judge.
 9          THE COURT:  Okay.  How about May 5th?
10          MR. STAFFORD:  Judge, I'm going to be in Italy
11  May 5th.  I've already got my ticket, but the following week --
12          THE COURT:  What about May 12th, will you be back
13  then?
14          MR. STAFFORD:  Let me check.
15          MR. PARRAS:  Judge, I like the early June date.  I was
16  expected to be out in late May.
17          THE COURT:  Does anybody have a scheduled vacation in
18  June?
19          MR. HAMM:  Yes.  On behalf of Tammy Wall, I do, Your
20  Honor.
21          THE COURT:  Where are you going?
22          MR. HAMM:  My daughter graduates.  So, we're
23  semi-chaperoning her to -- she's taking a couple of trips to
24  Europe and things like that.  And then I guess it depends also
25  on how long the government anticipates the case is going to
```

1  take.  So it we start in May, it still may bleed into June
2  anyhow.
3          *THE COURT:*  May 12th at 1:00 p.m.  Somebody is going
4  to be inconvenienced no matter when I set it with this number
5  of attorneys.
6              The government will produce all documents by
7  April 4th.  The government will produce its witness list, its
8  exhibit list, copies of all trial exhibits, and its proposed
9  jury charge by April 17th.
10             Defendants will produce their witness list, their
11 exhibit list, copies of their exhibits, and any objections to
12 the government's charge by May 2nd.
13             If you want a specific jury questionnaire, I want
14 the parties to confer and submit the proposed questionnaire by
15 May 2nd.  That will be something in addition to the standard
16 jury questionnaire.
17             All right.  Any other issue we need to explore
18 today regarding the schedule or discovery?
19        *MR. ESSMYER:*  In regards to the defendants who are now
20 no longer death eligible, may we have the ten days or the same
21 amount of time as given before to file the retaining the same
22 lawyer, Your Honor?
23        *THE COURT:*  I'm coming to that.  That's not a
24 discovery issue, is it?
25        *MR. ESSMYER:*  No, Your Honor.

1      *THE COURT:*  Okay.  Yes.
2      *MR. FICKMAN:*  Judge, just if I may inquire, the
3 government has indicated that there's going to be a Jencks
4 production in the next few weeks and then later codefendant
5 materials.  There's already, to my knowledge, some Jencks-type
6 material that's related to codefendants that I'm waiting on to
7 review with my client, which will influence what he does on his
8 case, I suspect.  So I'm inquiring whether or not what we're
9 going to get next week or in the next two weeks will include
10 that.
11     *MR. KARPEL:*  In part it will.  I can tell the Court
12 that we are trying to push out all the Jencks material and all
13 of the evidence as quickly as possible.  And the only issue
14 that we're dealing with is safety issues.  And once we can deal
15 and handle those safety issues with particular defendants,
16 which is an ongoing issue in this case, then we're comfortable
17 pushing out the material.
18     *THE COURT:*  How long do you think the government's
19 case will take if we go to trial?
20     *MR. KARPEL:*  Your Honor, I think that's going to be
21 largely dependent on how many defendants we have at the table.
22 So --
23     *THE COURT:*  Have you tried any of these cases?
24     *MR. KARPEL:*  I've tried one, Your Honor.
25     *THE COURT:*  How long did it take?

```
 1            MR. KARPEL:  It took two weeks.  We had one defendant.
 2            THE COURT:  Okay.  You know, you're just going to have
 3   to talk to the government about that, Mr. Fickman.
 4            MR. FICKMAN:  Yes, Your Honor.  I was just trying to
 5   get -- pin them down a little bit.
 6            THE COURT:  Okay.  The next matter is one that
 7   Mr. Essmyer foreshadowed.  The remaining death penalty eligible
 8   defendants, Mr. Lamphere and Mr. Roberts and Mr. Loveall are no
 9   longer eligible for the death penalty.  So, as of today the
10   reimbursement rates will drop to the noncapital eligible rate.
11                 Do any of the attorneys for those three
12   defendants believe that more than one attorney is going to be
13   necessary?
14            MR. ESSMYER:  We do, Your Honor.
15            THE COURT:  Why?
16            MR. ESSMYER:  We will have a withdrawal defense.  And
17   so our case may very well be tried.  And with a withdrawal
18   defense, we may have to bring in multiple of the defendants,
19   the current defendants to say that our client is no longer an
20   ABT member as of --
21            THE COURT:  I thought you couldn't withdraw from the
22   ABT?
23            MR. ESSMYER:  Well, that's when you need two lawyers.
24            THE COURT:  Say again.
25            MR. ESSMYER:  That's when you need two lawyers, Judge.
```

1     *THE COURT:* I mean, all these people say -- in all the
2  pleas, is they say if you withdraw, there's a very severe
3  punishment.
4     *MR. ESSMYER:* And you get maybe put on the X list and
5  may have an order for your elimination but --
6     *THE COURT:* Does your client have a certificate of
7  withdrawal?
8     *MR. ESSMYER:* He does, Your Honor.
9     *THE COURT:* Okay.  Yes, Mr. Fickman.
10    *MR. FICKMAN:* Judge, I'll also -- I'll file a motion
11 elaborating on why I believe two lawyers are needed on this
12 case.
13    *THE COURT:* All right.  Any motions to continue with
14 two lawyers must be filed by November 27th.
15          Now, I have looked at the budget for this case.
16 Thus far we've spent over $400,000 on experts and attorneys'
17 fees.  Some counsel have not even submitted vouchers yet.  Some
18 of the defendants who were capital eligible and are no longer
19 capital eligible have had budgets approved by Chief Judge
20 Stewart well over a hundred thousand dollars.  Mr. Lamphere has
21 a budget approved for over $500,000.  Some of the other
22 defendants are very high.
23          Defendants -- now listen to this.  Defendants who
24 have had capital eligible budgets approved need to submit a
25 revised budget, if they've not already done so, and some have,

1  by December 7th.

2  Defendants who were never capital eligible but
3  who believe their attorney's fees and third-party expenses may
4  exceed $30,000 need to submit a budget by December 7th;
5  otherwise, the expenditures will be limited to $30,000.

6  Now, I have no way of knowing whether anybody
7  thinks they'll approach $30,000, because some of the defendants
8  who were never capital eligible have not submitted any vouchers
9  and, of course, they've not submitted a budget.  But I don't
10 want to be surprised and I don't want you to be surprised,
11 because without a budget approved by the Circuit and by this
12 Court, you can't spend more than $30,000.

13 Any questions about the budgetary issues?

14 Okay.  Which defendants do you think you're going
15 to get pleas on fairly quickly?  And I know I'm not going to
16 hold you to it, but who's in the final stages of plea
17 negotiations, if you could tell me?

18 *MR. KARPEL:*  Your Honor, I'm reluctant to actually
19 mention --

20 *THE COURT:*  Okay.  All right.

21 *MR. KARPEL:*  -- names of the defendants in open court,
22 but I think we're closing in on about a dozen.

23 *THE COURT:*  Okay.  What else with this wealth of
24 talent here today can we explore?  Any issues that you think we
25 need to address?

1  *MR. ODOM:* Judge, the only thing that I would suggest,
2  and I don't think we have to do this today, but we certainly
3  might want a status date sometime between now and that May
4  date.  A lot of us are preoccupied with talking to the
5  government and working out these other issues and not really
6  focusing on the trial quite yet.  If there is such a need, I
7  assume we could always make a motion to the Court prior to the
8  trial date in case some of these issues that we might focus in
9  later on as we get more trial oriented --
10  *THE COURT:* I don't normally set status conferences in
11  criminal cases because, you know, if there's an issue, I can
12  rule on it, but I hate to just have everybody come into the
13  courtroom just to humor me to appear at a status conference.
14  If you want to plead, I'll set a rearraignment.  If there's
15  some dispute, I'll set a hearing.  But you've all -- or most of
16  you have tried cases in this court.  You just know to be here
17  on noon of the day of trial to look over the questionnaires and
18  pick the jury and to get me the questionnaires before then.
19  I've submitted questionnaires in a number of criminal cases.  I
20  don't know if you-all have tried any of them.  But there are
21  plenty of questionnaires out there that you can look at as
22  examples.
23  *MR. ODOM:* Okay.
24  *THE COURT:* I'm not saying it's always a bad idea, but
25  I just don't really know what the need for a conference would

1  be.
2          *MR. ODOM:*  At this point I don't either.  It's more of
3  a suggestion.  But I certainly understand what the Court --
4          *THE COURT:*  I mean, if you need a hearing, you know
5  where I am.
6          *MR. ODOM:*  Right.  Yes, sir.
7          *THE COURT:*  Okay.
8          *MR. MCGUIRE:*  Judge, just a quick question about
9  hearings.  Does the Court plan, if we file pretrial hearings
10 that might really help focus the issues in the case, to rule on
11 those promptly and not right before trial?
12         *THE COURT:*  Well, what kind of issues do you --
13         *MR. MCGUIRE:*  Well, suppression issues, Judge.
14         *THE COURT:*  That's a good idea.  All right.  That's a
15 good idea.  I forgot that.  Motions to suppress or any other
16 motion are to be filed by February 7th.  Any discovery motions
17 will be filed by March 7th.  Responses to motions to suppress
18 will be filed by February 24th.  And I'll decide then whether a
19 hearing is necessary.
20         *MR. MCGUIRE:*  Your Honor, is the Court going to issue
21 a written order for these dates?  Because I missed -- the first
22 one was 2/7 for the suppression and --
23         *THE COURT:*  You're going to -- I'll issue something
24 that has the dates, yes.
25         *MR. MCGUIRE:*  Okay.

```
 1        THE COURT:  It may just be the minute entry.  You can
 2   read it off your computer.
 3        MR. MCGUIRE:  Yes, Your Honor, that will be fine.
 4        THE COURT:  Okay.  What, Mr. Fickman?
 5        MR. FICKMAN:  No, I was just mumbling to counsel the
 6   dates.
 7        THE COURT:  Okay.  Well, I don't want to keep you here
 8   just to humor me.  Unless there's any other question or thing
 9   we can address, I'll excuse you.  Thank you.  You're excused.
10        MR. FICKMAN:  Thank you, Your Honor.
11      (Concluded at 2:18 p.m.)
12                              * * *
13   I certify that the foregoing is a correct transcript from the
14   record of proceedings in the above-entitled cause, to the best
15   of my ability.
16
17   /s/ Kathy L. Metzger                      1-17-2015
     Kathy L. Metzger                            Date
18   Official Court Reporter
```