IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA )
)
v. ) NO. H-12-CR-272
) September 20, 2013
TERRY GLENN SILLERS, )
et al. )

SCHEDULING CONFERENCE
BEFORE THE HONORABLE SIM LAKE

For the Government: David N. Karpel, AUSA
Edward F. Gallagher, AUSA
Tim S. Braley, AUSA
U. S. Attorney's Office
1000 Louisiana, Suite 2300
Houston, Texas 77002

For Defendant Terry Ross Blake: Gus Saper

For Defendant Larry Max Bryan: James Stafford

For Defendant James Lawrence Burns: Lee H. Wilson

For Defendant Kelly Ray Elley: Wendell Odom, Jr.
Neal Davis, III

For Defendant Kenneth Michael Hancock: Nicole DeBorde

For Defendant Clay Jarrad Kirkland: Brett A. Podolsky

| | |
|---|---|
| For Defendant Michael Richard Lamphere: | Michael M. Essmyer, Jr. |
| For Defendant Jamie Grant Loveall: | John M. Parras<br>Kurt B. Wentz |
| For Defendant William David Maynard: | Edward A. Mallett |
| For Defendant Ronald Lee Prince: | Erik Reed |
| For Defendant David Orlando Roberts: | Robert J. Fickman |
| For Defendant Billy Seay: | Sue Jana |
| For Defendant James Erik Sharron: | Kenneth W. McGuire<br>Ali R. Fazel |
| For Defendant Sammy Keith Shipman: | Donald L. Lambright |
| For Defendant Brian Lee Thomas: | Gerald E. Bourque<br>Robert A. Morrow, III |
| For Defendant Fredrick Michael Villarreal: | Thomas A. Martin |
| For Defendant Tammy Wall: | Lance C. Hamm |
| For Defendant Steven Worthey: | Mervyn M. Mosbacker, Jr. |
| For Defendant James Francis Sampsell: | Larry Eastepp |
| Court Reporter: | Bruce Slavin, RPR, CMR |

Proceedings reported by mechanical stenography and produced by computer-aided transcription.

THE COURT: We're here this afternoon in Criminal Action H-12-272. The primary purpose of this conference was to determine and receive a status report from the Government concerning the death-eligible defendants. I am going to call by name the death-eligible defendants and ask their attorneys to identify themselves. Then any other attorney can identify him or herself.

Larry Max Bryan.

MR. STAFFORD: James Stafford, Your Honor.

THE COURT: Kelly Ray Elley.

MR. ODOM: Wendell Odom and Neil Davis.

THE COURT: Michael Richard Lamphere.

MR. ESSMYER: Mike Essmyer and Trent Gaither, Your Honor.

THE COURT: Jamie Grant Loveall.

MR. WENTZ: Kurt Wentz and John Parras.

THE COURT: William David Maynard.

MS. MALLETT: Edward Mallett, Your Honor.

THE COURT: David Orlando Roberts.

MR. FICKMAN: Robert Fickman, Your Honor.

THE COURT: James Erik Sharron.

MR. McGUIRE: Ken McGuire and Ali Fazel, Your Honor.

THE COURT: Sammy Keith Shipman.

MR. LAMBRIGHT: Don Lambright.

THE COURT: Brian Lee Thomas.

MR. BOURQUE: Gerald Bourque and Robert Morrow.

THE COURT: And Steven Worthey.

MR. MOSBACKER: Mervyn Mosbacker and Lourdes Rodriguez. She is not present.

14:03

THE COURT: Pardon me?

MR. MOSBACKER: Miss Rodriguez is not present. She contacted me.

THE COURT: That's fine.

14:03

All right. Now any other counsel may identify themselves.

MR. REED: Good afternoon, Your Honor. Erik Reed for Ronald Prince.

MR. EASTEPP: Larry Eastepp for James Sampsell, Your Honor.

14:03

MS. JANA: Sue Jana for Billy Seay, Your Honor.

MR. SAPER: Gus Saper for Terry Blake.

MR. MARTIN: Tom Martin for Fredrick Michael Villarreal.

14:03

MR. WILSON: Lee Wilson for James Lawrence Burns.

MS. DeBORDE: Nicole DeBorde for Kenneth Hancock.

MR. HAMM: Lance Hamm for Tammy Wall.

MR. PODOLSKY: Brent Podolsky for Clay Kirkland.

THE COURT: Now the Government can announce its attorneys.

14:04

MR. KARPEL: Thank you, Your Honor. David Karpel, Tim Brailey and Ed Gallagher for the United States.

THE COURT: Thank you.

I received this week notices of intent not to seek the death penalty against William David Maynard, James Erik Sharron, Sammy Keith Shipman, Larry Max Bryan, Kelly Ray Elley, Brian Lee Thomas and Steven Worthey. So, as to those defendants, we need to adjust the number of attorneys and the compensation rate.

14:04 14:04

The rules that govern the appointment of counsel in death-eligible cases state that when the death penalty is not sought the court should, absent extenuating circumstances, make an appropriate reduction in the number of counsel and the court should, absent extenuating circumstances, reduce the compensation rate prospectively only.

14:05

Of the death-eligible defendants who will not be subject to the death penalty in light of the Government's filing, do any counsel think that the defendant is entitled to two counsel instead of one; and, if so, why?

14:05

MR. MORROW: Your Honor, on behalf of Mr. Thomas, Gerald Bourque and I represent him. We would ask the Court to consider leaving two lawyers on the case, one of which would be me, because we have not seen a case this complex before. We're involved in, I think, four or five counts,

14:05

14:06 including at least one murder, a RICO provision. It's taken both of us to get to this point and there's a lot more work still to do. And although it would be easier for me to get off and leave Mr. Bourque alone, I certainly wouldn't want to be in his position to have to do this by myself. I think the complexity merits a second lawyer.

THE COURT: Let's do this. Anybody who thinks that two lawyers are warranted can file a motion by next Friday, the 27th, explaining the reasons why they think that relief is appropriate, and the Government will have to until the following -- I don't guess that's an issue the Government would have a say in. Anyway, you can file it by next Friday. But the compensation rate is hereby reduced to $125 per hour effective 5:00 p.m. today.

MR. MORROW: Thank you.

THE COURT: Mr. Essmyer.

MR. ESSMYER: Yes, Your Honor, because of sequestration --

THE COURT: Pardon me?

MR. ESSMYER: -- they dropped it $15 an hour. Because of sequestration it's now $110.

THE COURT: Okay. Then, it's effective $110 5:00 p.m. today. Thank you for saving the government that money.

MR. MALLETT: We all want to thank Mr. Essmyer.

THE COURT: The clerk would have caught it anyway.

Mr. Odom.

MR. ODOM: A question that I have that relates to this is that a good amount of this discovery requires a paralegal or a legal assistant to listen to the voluminous number of tapes to go over the evidence. Would that be affected by as the Court notes? Will that be affected by --

THE COURT: I think it makes a lot more sense to pay a legal -- Well, are you using paralegals or interns?

MR. ODOM: Well, they're using interns.

THE COURT: What are you seeking? $20 an hour for them?

MR. ODOM: 25, yes.

THE COURT: Well, I have been approving interns at 20 an hour. What are you actually paying them?

MR. ODOM: That's a good question.

THE COURT: Are you paying them anything? Do they get the experience of working for Wendell Odom?

MR. ODOM: 15? 15 an hour.

THE COURT: $20 an hour is what they'll be compensated. But, yes, that makes a lot of sense, to let interns listen to the tapes and find the ones that you need to then listen to.

When will the Government be in a position to tell us about the remaining death-eligible defendants?

MR. KARPEL: Your Honor, I spoke to the capital committee. They knew that I would be in front of the Court today. They're asking for an additional 60 days. So, our request to the Court is to continue the status 60 days, at which time we should have the decision with respect to the remaining three defendants.

THE COURT: I think we have a scheduling conference in November anyway; so, you should be prepared to have one like November 20th? Let me check.

MR. KARPEL: I don't think we do, Judge.

THE COURT: I thought we did.

MR. KARPEL: That would work, if --

THE COURT: November 20th at 2:00 p.m. we have a conference already set. So, you should know by then.

MR. KARPEL: Yes, Judge.

THE COURT: All right. What else can we accomplish now at this meeting of the Harris County criminal defense bar?

MR. FAZEL: If it please the Court. Ali Fazel for Mr. Sharron.

Your Honor, there's a couple of sets of discovery that are -- we have been working towards obtaining a format to produce to everybody. The ATF has -- I don't know -- 20-odd boxes of discovery that the Government has put together that the Government has labeled as what they

believe not to be relevant to their prosecution. These things are handwritten correspondence, pictures, magazines. It's just a plethora of things. I have gone and looked at it. It's a collection of items that have been seized either 14:09 through search warrants or through other matters of investigation and it's from all over Texas. The government had brought it down to Houston and placed it with the ATF.

One of the things that I have been doing is trying to get three copying folks to give us bids on it and 14:10 then trying to get all the lawyers involved on our side to agree to having a joint motion before the Court regarding the budget for producing it and then distributing it to everybody. Our thinking is to have it scanned in, put it on hard drives, one set for all defense lawyers that are still 14:10 on the case to review as part of the case.

THE COURT: How many pages are we talking about here?

MR. FAZEL: Your Honor, I left my notes in the office. I apologize. It's a lot. But I think we have got 14:10 it down to a number that I think the Court would be happy with. We pretty much got all the copying folks and got them down to something that I think is reasonable.

THE COURT: So, you want funds to copy and then scan?

14:11 MR. FAZEL: No. No. This would be scanned in and

produced on a hard drive, one set per person, and I think we even got them to agree to OCR it so that it's searchable, although OCR, in handwriting, is sometimes a little questionable.

14:11 I finally got the last lawyer to respond to me outside. I tackled him and got a "yes" from him. So, I should have a budget in to you by next week, whether I am on the case or not. I will make sure that's done and produced to you since I have been leading that.

14:11 THE COURT: Speaking of budgets, whether or not the now non-death-eligible defendants file a motion next Friday seeking two attorneys, I want all of the seven no-longer-eligible attorneys to submit a revised budget by next Friday because these cases don't justify $480,000 each.

14:12 MR. FAZEL: The second question I was going to ask the Court -- We were going to kick the Government out and then have a conversation with the Court, if the Court would allow us, about how to go about doing that. Everybody thinks that a second budget, perhaps, is a good idea, 14:12 revised, so that the Court can take a look at it and determine how to deal with that.

THE COURT: Well, what I would like you to do is something -- I have a chart that I have prepared -- it's work product and it's copyrighted, of course -- which sets 14:12 out how much you requested, how much I approved and any

change by Chief Judge Stewart. Whatever format you choose, it would be helpful if you would set out what you requested, what's been approved and what you now want so I can compare and see what the difference is. Otherwise, I have to go back and read -- This notebook just contains the budget requests.

MR. FAZEL: Yes, Your Honor. Okay.

THE COURT: You understand?

MR. FAZEL: Absolutely.

THE COURT: I'm not dictating the exact format, but what I am really focusing on is the changes, like I wouldn't think we would need a lot of mitigation experts anymore.

MR. FAZEL: Correct, although we were going to share a lot of our experts when it came to ABT-type stuff. And that's under seal; so, I don't want to go into detail about that. But you're correct, Your Honor. All of the litigation work that's been done concerning elements of the PSR objections, should they go to trial, should there be a conviction -- So, yes, Your Honor, I think that --

THE COURT: So, by next Friday you will submit revised budgets if your client is no longer eligible for the death penalty.

MR. FAZEL: One other thing. I know the Court never gets involved with plea negotiations, and I appreciate that, nor am I asking the Court. When it comes to having

two lawyers versus one -- and we will certainly memorialize this in a motion -- some of us are pled in cases where it's either death or life, that's it. Like, my client, it's either death or life. That does make -- create an issue where, unless there is some movement by the charging authority, the incentive to do anything other than try it makes us all scratch our hair. So, I wanted the Court to be aware of that and appreciate that, that we're in a bit of a corner.

14:14 THE COURT: Well, I appreciate it, but I don't have any control over it.

MR. FAZEL: No. Not at all. But I just wanted to --

THE COURT: We have had a number of guilty pleas --

14:14 MR. FAZEL: Yes, sir.

THE COURT: -- in cases where -- and the guideline ranges were substantial -- will be substantial, probably, under the stipulated factual basis.

I don't have my next hearing until 3:00. So, 14:14 when I leave, you're welcome to sit around with all these people and, you know, we're open for plea agreements almost any day next week at 11:30.

MR. FAZEL: That's all I have, Your Honor.

THE COURT: Any other ideas for the good of the 14:15 order?

All right. Does the Government have anything it wants to share?

MR. KARPEL: No, Your Honor.

THE COURT: Would you like to sit around and visit? I mean, you don't need me to talk about everything in the case. Do you want to use the courtroom for the next 30 minutes?

MR. KARPEL: We're certainly available to talk to any defense counsel.

THE COURT: Has the Government -- What is the Government's position? If the minimum guideline range is life, Mr. Fazel makes a pretty good point, that it's harder to go to the unit and explain why that's a good plea offer.

MR. KARPEL: Well, there is a -- there are avenues by which cooperation could help break that life sentence. So, there is a mechanism built in the statute where one can receive less than a life sentence and a minimum mandatory to life sentence. So, that's discussion worth having with defense counsel.

THE COURT: Okay. Mr. Fazel, I think you have his answer. All right.

MR. FAZEL: Their version, yes, sir.

THE COURT: I will wait to get the filings next Friday. Unless anybody has any questions, we're adjourned. Thank you.

COURT REPORTER'S CERTIFICATE

I, BRUCE SLAVIN, certify that the foregoing is a correct transcript from the record of proceedings in the above entitled matter, to the best of my ability.

*s/Bruce Slavin*
BRUCE SLAVIN, RPR, CMR